UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ATAIN SPECIALTY INSURANCE COMPANY,

    Plaintiff,

v.

CHOUTEAU PROPERTY MANAGEMENT, INC.,
CHOUTEAU PROPERTIES, INC., BRENDA
ORTIZ, Special Administrator of the Estate of Jesus
Ortiz-Flores, and LUIS F. ORTIZ,

    Defendants.

Case No. 15-cv-804-JPG-PMF

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Atain Specialty Insurance Company's ("Atain") motion for judgment on the pleadings (Doc. 27). Defendants Chouteau Property Management, Inc. and Chouteau Properties, Inc. (collectively, "Chouteau") have responded to the motion (Doc. 28), and defendants Brenda Ortiz and Luis F. Ortiz have adopted that response (Doc. 29). Atain has replied to Chouteau's response (Doc. 30). After initially reviewing the briefing, the Court issued an order to show cause (Doc. 31) why the Court should not grant Atain's motion for judgment on the pleadings on the basis of *res judicata* and/or collateral estoppel provided by a prior similar lawsuit before this Court: *Atain v. Chouteau Property Management, Inc., et al.*, Case No. 13-cv-65-JPG-PMF ("*Atain I*"). Chouteau has responded to the order to show cause (Doc. 32), and the Ortizes have adopted that response (Doc. 33). Atain has replied to Chouteau's response (Doc. 34).

**I.    Background**

The Court set forth the background of this case in its order to show cause:

> This case involves an incident that occurred on August 19, 2011, at La
> Mexicana Restaurant, housed in a building owned by defendants Chouteau

> Property Management, Inc. and/or Chouteau Properties, Inc. (collectively "Chouteau") in Granite City, Illinois. Fernando Gallegos[-Ochoa] was consuming alcohol served to him at La Mexicana Restaurant. Due in part to the consumption of this alcohol, Gallegos[-Ochoa] attacked and fired a gun at two brothers, Jesus Ortiz-Flores and Luis F. Ortiz. Ultimately, the attack caused Ortiz-Flores' death and severe and permanent injuries to Ortiz. The administrator of Ortiz-Flores' estate and Ortiz filed a lawsuit in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, entitled *Ortiz v. La Mexicana, Inc., et al.,* Case No. 12-L-1300 ("underlying lawsuit").
>
> Effective at the time of the incident was a commercial general liability insurance policy Atain had issued to Chouteau [Property Management, Inc]. Atain declined to defend Chouteau [Property Management, Inc.] under that policy and instead filed a declaratory judgment action seeking a finding it owed no duty to defend or indemnify Chouteau [Property Management, Inc.] in the underlying lawsuit. In *Atain v. Chouteau Property Management, Inc., et al.*, Case No. 13-cv-65-JPG-PMF, this Court decided Atain had no duty to defend or indemnify Chouteau [Property Management, Inc]. Specifically, the Court found that the Total Liquor Liability Exclusion in the policy precluded coverage for the Illinois Dramshop Act causes of action in the underlying lawsuit, and that the Assault and Battery Exclusion precluded coverage for the negligence causes of action in the underlying lawsuit. Final judgment was entered in that case based exclusively on those two findings.
>
> Since those rulings, the administrator of Ortiz-Flores' estate and Ortiz have filed an amended pleading in the underlying lawsuit, again asserting causes of action against Chouteau under the Illinois Dramshop Act and for negligence. Atain seeks a declaration from this Court confirming its prior ruling of no coverage. The parties reiterate the arguments advanced in the earlier declaratory judgment action. . . .

Mem. & Order 1-2 (Doc. 31) (bracketed material added).

The Court will first addresses the issues of *res judicata* and collateral estoppel, then will turn to the substance of the motion for judgment on the pleadings.

## II.     Analysis

### A.     *Res Judicata*/Collateral Estoppel

The doctrine of *res judicata* takes the Court out of the business of relitigating its prior rulings by giving those rulings dispositive force whenever the prior ruling (1) was a final decision, (2) involved a dispute arising from the same transaction as the current suit and (3) involved the

same litigants or their privies. *Czarniecki v. City of Chi.*, 633 F.3d 545, 548 (7th Cir. 2011). Similarly, the doctrine of collateral estoppel precludes relitigation of an issue decided in a prior lawsuit where (1) the issue before the Court is the same as the issue in the prior lawsuit, (2) the issue was actually litigated, (3) the determination of the issue was essential to the final judgment and (4) the party against whom estoppel is invoked was fully represented in the prior action. *Matrix IV, Inc. v. American Nat'l Bank & Trust Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011).

Chouteau suggests *res judicata* and collateral estoppel do not apply because this case involves a new defendant, Chouteau Properties, Inc., that was not a defendant in *Atain I*.[1] It also notes that the Amended Complaint in the underlying lawsuit adds new claims that were not in the original Complaint in that action, namely, additional counts under the Illinois Dramshop Act and for negligence against Chouteau Property Management, Inc. plus new counts under the Illinois Dramshop Act and for negligence against the new defendant, Chouteau Properties, Inc. To the extent *res judicata* or collateral estoppel could apply to the case at bar, Chouteau asks the Court to use its discretion not to apply the doctrines or to reconsider its prior rulings in *Atain I*.

Atain believes *res judicata* or collateral estoppel bars the current lawsuit even against Chouteau Properties, Inc. because Chouteau has treated them as interchangeable for the purpose of seeking coverage under the insurance policy issued to Chouteau Property Management, Inc. In the alternative, Atain argues that this suit should have the same result as *Atain I* for the same reasons cited in that case.

    1.    <u>Chouteau Property Management, Inc.</u>

The doctrines of *res judicata* and/or collateral estoppel apply to Atain's claims in this suit against Chouteau Property Management, Inc. It is clear that the judgment in *Atain I* was a final

---

[1] Chouteau Properties, Inc. is named in the original underlying Complaint, but it appears that at some point Chouteau Property Management, Inc. was substituted as a defendant in that case.

same litigants or their privies. *Czarniecki v. City of Chi.*, 633 F.3d 545, 548 (7th Cir. 2011). Similarly, the doctrine of collateral estoppel precludes relitigation of an issue decided in a prior lawsuit where (1) the issue before the Court is the same as the issue in the prior lawsuit, (2) the issue was actually litigated, (3) the determination of the issue was essential to the final judgment and (4) the party against whom estoppel is invoked was fully represented in the prior action. *Matrix IV, Inc. v. American Nat'l Bank & Trust Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011).

Chouteau suggests *res judicata* and collateral estoppel do not apply because this case involves a new defendant, Chouteau Properties, Inc., that was not a defendant in *Atain I*.[1] It also notes that the Amended Complaint in the underlying lawsuit adds new claims that were not in the original Complaint in that action, namely, additional counts under the Illinois Dramshop Act and for negligence against Chouteau Property Management, Inc. plus new counts under the Illinois Dramshop Act and for negligence against the new defendant, Chouteau Properties, Inc. To the extent *res judicata* or collateral estoppel could apply to the case at bar, Chouteau asks the Court to use its discretion not to apply the doctrines or to reconsider its prior rulings in *Atain I*.

Atain believes *res judicata* or collateral estoppel bars the current lawsuit even against Chouteau Properties, Inc. because Chouteau has treated them as interchangeable for the purpose of seeking coverage under the insurance policy issued to Chouteau Property Management, Inc. In the alternative, Atain argues that this suit should have the same result as *Atain I* for the same reasons cited in that case.

    1.    <u>Chouteau Property Management, Inc.</u>

The doctrines of *res judicata* and/or collateral estoppel apply to Atain's claims in this suit against Chouteau Property Management, Inc. It is clear that the judgment in *Atain I* was a final

---

[1] Chouteau Properties, Inc. is named in the original underlying Complaint, but it appears that at some point Chouteau Property Management, Inc. was substituted as a defendant in that case.

decision and involved both Atain and Chouteau Property Management, Inc. Furthermore, the dispute in *Atain I* was about the same "transaction" as the one at issue in this case: the scope of the Total Liquor Liability Exclusion and the Assault and Battery Exclusion in the policy Atain issued to Chouteau Property Management, Inc., as applied to the August 19, 2011, events at La Mexicana Restaurant. There, the Court held that the Total Liquor Liability Exclusion "precluded coverage of *any* claims based on allegations that the insured's products caused someone to become intoxicated and led to personal injury." Mem. & Order 6 (Case No. 13-cv-65-JPG-PMF; Doc. 37) (emphasis added). The Court further held that "*any* cause of action arising from Chouteau's alleged negligent act that led to the battery is excluded under the policy." Mem. & Order 7 (Case No. 13-cv-65-JPG-PMF; Doc. 37) (emphasis added). Thus, the requirements of *res judicata* are satisfied.

It is true that the underlying Amended Complaint describes the relevant events in a somewhat different way than the original underlying Complaint. It is not quite so explicit about the nature of the attack on the victims, no longer describing the victims as "maliciously and wantonly assaulted, beaten and shot" by Gallegos-Ochoa, Underlying Compl. 18 ¶ 4, 34 ¶ 4 (Doc. 1-1 at 19 & 35), and instead simply alleging that they were "attacked and shot by Defendant Fernando Gallegos-Ochoa," Underlying Am. Compl. 26 ¶ 24, 52 ¶ 24 (Doc. 1-5 at 27 & 53). However, elsewhere the underlying Amended Complaint alleges that "Gallegos-Ochoa violently assaulted, and attacked Jesus Ortiz-Flores including but not limited to shooting him," Underlying Am. Compl. 12 ¶ 23 (Doc. 1-5 at 13), that Gallegos-Ochoa "violently assaulted and battered [Ortiz], including shooting him," Underlying Am. Compl. 44 ¶ 25 (Doc. 1-5 at 45), and that Gallegos-Ochoa's "assault and battery was willful and malicious." Underlying Am. Compl. 17

¶ 24, 44 ¶ 26 (Doc. 1-5 at 18 & 45). The only negligent acts alleged against Gallegos-Ochoa relate to his negligence in becoming intoxicated, in not protecting others from his violent tendencies and in inappropriately carrying a weapon, not in committing the alleged assault and battery. Underlying Am. Compl. 33-34 ¶ 26, 59-60 ¶ 26 (Doc. 1-5 at 34-35 & 60-61). Clearly, there is no change in the alleged willful and malicious nature of the attack that would present a new question for the Court in the case at bar. Chouteau's current assertion that the underlying attack on the victims might somehow be reasonably viewed as unintentional is disingenuous. The current pleading is a far cry from the general "shot and killed" language found in *L.A. Connection v. Penn-America Insurance Co.*, 843 N.E.2d 427, 430-31 (Ill. App. Ct. 2006), to potentially be unintentional.

    The issue of the scope of the exclusions as applied to the injuries to Ortiz-Flores and Ortiz from Gallegos-Ochoa's attack has already been litigated between Atain and Chouteau Property Management, Inc., and *res judicata* bars relitigation in the case at bar.

    Even if the new allegations in the underlying lawsuit had added something substantively different to the claims in the original Complaint, the doctrine of collateral estoppel would apply to bar relitigation of the scope of the policy's coverage. Again, the scope of the insurance policy exclusions and their application to the injuries suffered by Ortiz-Flores and Ortiz – the issue actually litigated and decided in *Atain I* – are the same issues in this lawsuit. The Court's holdings on those issues were essential to the final judgment, and Chouteau Property Management, Inc. was fully represented in that litigation. Thus, to the extent any specific application of the policy exclusions was not decided in the final judgment of *Atain I*, it is precluded by the doctrine of collateral estoppel.

Finally, the defendants have presented no compelling reason for the Court to reconsider its decision in *Atain I* or to refrain from applying *res judicata* or collateral estoppel in the case at bar.

Accordingly, the Court will grant Atain's motion for judgment on the pleadings as to Chouteau Property Management, Inc.[2]

2.  Chouteau Properties, Inc.

The Court will not apply the doctrine of *res judicata* or collateral estoppel to Chouteau Properties, Inc., which was not a party to *Atain I*, because there is no evidence in the record that it was a privy of or was represented by Chouteau Property Management, Inc. in the prior litigation. Accordingly, the Court turns to the merits of the motion for judgment on the pleadings and decides them in accordance with its holdings in *Atain I*.

B.  Merits of Motion for Judgment on Pleadings

In ruling on a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), the Court considers the complaint, answer and any written instruments attached to those pleadings, accepts all well-pleaded allegations as true and draws all inferences in favor of the non-movant. *See Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007); *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). Judgment on the pleadings is appropriate only when it appears beyond a doubt that the non-moving party cannot prevail and there are no material issues of fact. *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007).

All parties agree that Illinois substantive law applies to this case. Under Illinois law, an insurer must defend an action against its insured unless it is clear that the alleged claims in the underlying lawsuit do not fall within the terms of the policy. *Nautilus Ins. Co. v. 1452-4 N. Milwaukee Ave., LLC*, 562 F.3d 818, 822 (7th Cir. 2009) (citing *Outboard Marine Corp. v. Liberty*

---

[2] This holding also applies to Brenda Ortiz, the special administrator of Ortiz-Flores' estate, and to Ortiz, who were also parties in *Atain I*.

*Mut. Ins. Co.*, 607 N.E.2d 1204, 1212 (1992)); *Northbrook Prop. & Cas. Co. v. Transportation Joint Agreement*, 741 N.E.2d 253, 254 (Ill. 2000). Atain carries the burden in demonstrating coverage is excluded. *Nautilus Ins. Co.*, 562 F.3d at 821. In determining whether the insurer has a duty to defend, the Court must look to the underlying complaint and the language of the insurance policy. *National Cas. Co. v. McFatridge*, 604 F.3d 335, 338 (7th Cir. 2010). In interpreting the policy language, the Court uses rules of contract interpretation and aims to give effect to the intent of the parties. *Netherlands Ins. Co. v. Phusion Projects, Inc.*, 737 F.3d 1174, 1177 (7th Cir. 2013). If the Court concludes there is no duty to defend, there is necessarily no duty to indemnify. *National Cas. Co.*, 604 F.3d at 338. Doubts of coverage are resolved in favor of the insured. *Id*. However, where the allegations of the underlying complaint "are clearly outside the bounds of the policy coverage," the insurer may refuse to defend the insured. *Id*. A dispute about the duty to defend is ripe for decision if there is an actual controversy about the defense; that determination is based on the language of the complaint and the insurance policy so need not await determination of the actual facts of the underlying case. *See Colton v. Swain,* 527 F.2d 296, 303 (7th Cir. 1975).[3]

Atain has established that no issues of fact remain and that there is no possibility Chouteau Properties, Inc. is entitled to a defense under the policy. Even if Chouteau Properties, Inc. was an insured under the policy, the Total Liquor Liability Exclusion and the Assault and Battery Exclusion preclude coverage in connection with the underlying lawsuit. And because Atain owes no duty to defend, it cannot owe a duty to indemnify.

The Total Liquor Liability Exclusion excludes from coverage:

---

[3] If the Court finds there is a duty to defend, the issue of the duty to indemnify will only be ripe when the insured becomes obligated to pay in the underlying case. *Travelers Ins. Cos. v. Penda Corp.*, 974 F.2d 823, 833 (7th Cir. 1992).

> **c. Liquor Liability**
> "Bodily injury" or "property damage" for which any insured may be held liable by reason of:
>> (1) Causing or contributing to the intoxication of any person;
>> (2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
>> (3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

Policy, Total Liquor Liability Exclusion 1 (Doc. 1-2 at 52). The Assault and Battery Exclusion provides:

> This insurance does not apply under **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY** and **COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY** arising from:
>> 1. Assault and Battery committed by any Insured, any employee of any Insured or any other person;
>> 2. The failure to suppress or prevent Assault and Battery by any person in 1. above;
>> 3. resulting from or allegedly related to the negligent hiring, supervision or training of any employee of the Insured; or
>> 4. Assault or Battery, whether or not caused by or arising out of negligent, reckless or wanton conduct of the Insured, the Insured's employees, patrons or other persons lawfully or otherwise on, at or near the premises owned or occupied by the Insured, or by any other person.

Policy, Combined Coverage and Exclusion Endorsement § IX, 6 (Doc. 1-2 at 92).

Counts III, VIII and XXIII of the underlying lawsuit allege causes of action against Chouteau Properties, Inc. under the Illinois Dramshop Act. In interpreting an identical liquor exclusion, the Seventh Circuit Court of Appeals held that the plain language of the exclusion precluded coverage of any claims based on allegations that the insured's products caused someone to become intoxicated and led to personal injury. *Netherlands Ins. Co.*, 737 F.3d at 1177. The Total Liquor Liability Exclusion in this case is identical to the exclusion at issue in *Netherlands Insurance*. Therefore, the exclusion precludes coverage for any claims against Chouteau Properties, Inc. for allegations based upon its provision of alcohol that ultimately caused someone

to become intoxicated and cause personal injury, including Counts III, VIII and XXIII of the underlying lawsuit.

Counts XIII, XVIII and XXVIII of the underlying lawsuit allege causes of action against Chouteau Properties, Inc. for negligence. Those counts allege that the victims were "attacked and shot by Defendant Fernando Gallegos-Ochoa." Underlying Am. Compl. 26 ¶ 24, 52 ¶ 24 (Doc. 1-5 at 27 & 53). They then list several ways in which Chouteau Property, Inc.'s negligence caused the damages resulting from Gallegos-Ochoa's attack by, for example, failing to protect patrons against the misconduct of third parties or failing to control the premises. Underlying Am. Compl. 26-28 ¶ 27, 52-54 ¶ 27 (Doc. 1-5 at 27-29 & 53-55).

As discussed earlier in this order, the allegations of Gallegos-Ochoa's attack describe a battery. That battery was alleged to have been committed by "any other person," which is excluded under the paragraph 1 of the policy's Assault and Battery Exclusion. To the extent the victims of the attack seek to hold Chouteau Property, Inc. liable (1) for failing to suppress or prevent the attack, the injury is excluded under paragraph 2, and (2) negligent hiring, supervision or training of its employees, the injury is excluded under paragraph 3. Finally, the causes of action alleged to have arisen from a battery caused by the "negligent, reckless or wanton conduct" of Chouteau Properties, Inc. are excluded under paragraph 4 of the exclusion.[4]

Because Atain has established based on the pleadings that there are no genuine issues of material fact and that there is no way Chouteau Properties, Inc. is entitled to a defense in the underlying action, the Court finds Atain has no duty to defend or to indemnify Chouteau

---

[4] Having found the Assault and Battery Exclusion precludes coverage for Counts XIII, XVIII and XXVIII of the underlying Amended Complaint, the Court need not consider whether coverage for those counts is also precluded by the Total Liquor Liability Exclusion.

Properties, Inc. Therefore, it will grant judgment as a matter of law in favor of Atain.[5]

### III. Conclusion

For the foregoing reasons, the Court:

- **GRANTS** Atain's motion for judgment on the pleadings (Doc. 27); and

- **DIRECTS** the Clerk of Court to enter judgment in favor of Atain and against Chouteau, Brenda Ortiz and Luis F. Ortiz and declaring:

    Atain Specialty Insurance Company has no duty to defend or indemnify Chouteau Property Management, Inc. or Chouteau Properties, Inc. with respect to any of the allegations in the Amended Complaint in *Ortiz* v. *La Mexicana, et al.*, Case No. 12-L-1300 in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois.

**IT IS SO ORDERED.**
**DATED:** July 27, 2016

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**

---

[5] The rationale applied to Atain's claims related to Chouteau Properties, Inc. applies equally to its claims related to Chouteau Property Management, Inc., which serves as an alternate basis for granting judgment in favor of Atain on those claims.